# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 13-5281**  **September Term, 2013**

**1:13-cv-01033-KBJ**

**Filed On:** April 4, 2014

American Meat Institute, et al.,

       Appellants

    v.

United States Department of Agriculture, et al.,

       Appellees

**BEFORE:**    Garland, Chief Judge, and Henderson, Rogers, Tatel, Brown, Griffith, Kavanaugh, Srinivasan, Millett, Pillard, and Wilkins, Circuit Judges

## O R D E R

The panel in this case having suggested that the case be reheard en banc, *see American Meat Institute v. Dep't of Agriculture*, No. 13-5281, Slip Op. at 14, n.1 (D.C. Cir. Mar. 28, 2014), a vote was taken and a majority of the judges eligible to participate voted to rehear the case en banc. In light of the foregoing, it is

**ORDERED** that this case will be reheard by the court sitting en banc. It is

**FURTHER ORDERED** that the judgment filed March 28, 2014, be vacated. It is

**FURTHER ORDERED** that oral argument before the en banc court be heard at 9:30 a.m. on Monday, May 19, 2014. It is

**FURTHER ORDERED** that, by 4:00 p.m. on April 18, 2014, the parties and amici refile each brief and the appendix initially filed in this case. It is

**FURTHER ORDERED** that, by 4:00 p.m. on April 21, 2014, the parties file simultaneous supplemental briefs, not to exceed 7,500 words each, addressing the following issue:

Whether, under the First Amendment, judicial review of mandatory disclosure of "purely factual and uncontroversial" commercial information, compelled for reasons other than preventing deception, can properly proceed under *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 651 (1985), or whether such compelled disclosure is subject to review under *Central Hudson Gas & Electric v. PSC of New York*, 447 U.S. 56 (1980).

# United States Court of Appeals

_____

## No. 13-5281                                September Term, 2013

In addition to the electronic filing, 30 paper copies of each of the briefs, supplemental briefs, and appendix must be hand-delivered to the court by the time and date due.

Because the briefing schedule is keyed to the date of argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons. The briefs, supplemental briefs, and appendix must contain the date that the case is scheduled for oral argument at the top of the cover.  *See* D.C. Cir. Rule 28(a)(8).

A separate order will issue regarding allocation of oral argument time.

**Per Curiam**

                         **FOR THE COURT:**
                         Mark J. Langer, Clerk

BY:    /s/
                    Michael C. McGrail
                    Deputy Clerk